WRIGHT *qui tam vs.* ELDRED.

If two joint creditors commence an action *qui tam* as being the party aggrieved, to recover the penalty given by statute against fraudulent conveyances, and pending the action one of the plaintiffs die, the action survives to the surviving plaintiff,

*Bennington, February, 1824.*

THIS action was originally commenced in the name of Solomon Wright and Elijah Lovett, who, as the party aggrieved, prosecuted, as well for the Treasurer of the County of Bennington, as for themselves, to recover the penalty given by the statute, alleging in

*Bennington,*
February,
1824.

Wright
*vs.*
Eldred.

their declaration, that one Mumfred Eldred was indebted to them in the sum of $1500 on note, and that the defendant was a party to a certain fraudulent judgment had and rendered with intent to defeat and avoid said debt.

Since the commencement of the suit, Lovett, one of the plaintiffs, deceased; and the defendant moved the Court to abate the suit, on the ground that the action did not survive to Wright, the surviving plaintiff; on which motion the cause now came on to be heard.

*D. Chipman* and *Merril* for the defendant.

Where matter appears on record, which shews the suit abated, it is not necessary to plead it, but the suit will be abated on motion. 11 Mass. R. 56. 3 Bac. 218. If Wright had not suggested the death of Lovett on the record, the defendant must then have pleaded his death in abatement.

The only question then is, Does this action survive to Wright, the surviving plaintiff? At common law, all suits abate by the death of the plaintiff or defendant, and also by the death of either one of the plaintiffs or defendants. 3 Bac. 218. By statute no suit shall abate by the death of the plaintiff or defendant, where the cause of action doth by law survive; that is, where the executor or administrator might prosecute, or be made chargeable. Ham. P. A. 48. It is also provided by statute, that if one of two or more plaintiffs, or one of two or more defendants die pending the suit, it shall not abate, if the cause of action doth by law survive to the plaintiff, or against the surviving defendant. Chit. Pl. 55. The statute of this state is in substance a copy of the several British statutes.

If the cause of action do not by law survive to the executor or administrator, in case of the death of a sole plaintiff, it cannot survive to one plaintiff on the death of the other. Ham. P. A. 226. 4 Mass. R. 475, Woodward *v.* Scofield. In this case the cause of action does not survive, as it arises wholly *ex delicto,* the action being founded on a penal statute.

The debt stated in the declaration to have been due from Mumfred Eldred to Wright and Lovett, and of which they alleged they had been defrauded by the defendant, entitled Wright and Lovett, as the party aggrieved, to recover the penalty. This was a joint

right, and was done away by the death of Lovett, and is not changed into a right in favor of the survivor ; and any other creditor of Mumfred Eldred is now entitled to sue for the penalty ·

In all cases where the cause of action survives to a surviving plaintiff, it is the right to prosecute only, which survives, not the right of property ; and in every such case where the money is recovered, the representative of the deceased plaintiff is entitled to contribution.   In this case it is not pretended that the cause of action can survive to the executor or administrator, or that the representative of Lovett will be entitled to contribution in case of a recovery ; and no case can be shown where it has been held, that the cause of action survived to a surviving plaintiff, which could not survive to the representative of the deceased.

This action is not brought to recover the debt alleged to be due from Mumfred Eldred to Wright and Lovett, nor is it otherwise material to show the existence of that debt, than to show that Wright and Lovett were creditors of Mumfred Eldred, and as such entitled to maintain the action upon the statute, as the party aggrieved.   And if the penalty be recovered in this case, it will in no manner affect this debt—it will remain due as before. When Wright and Lovett commenced this suit, they acquired a joint right to the penalty—each to a moiety, when recovered; but if this action survive to Wright, he will be entitled to the whole penalty ; for we have seen that the representative of Lovett cannot call on him for a contribution.   It is not then the right of prosecution which, it is insisted, survives ; but the right of property—to all intents the *jus accresendi*.   No authority can be produced for this kind of survivorship.·   The reason is, that the same rule has obtained in case of the death of one of the plaintiffs in an action, as in case of the death of a sole plaintiff— the same cause of action survives in the one case as in the other : The action does not in either case survive, unless the cause of action survive, to the representatives of the deceased.   And if in any case the absence of authority in support of a rule of law, is evidence that the rule does not exist, it is most clearly so in this case ; for cases of this kind must have frequently occurred.

*Bennet* for the plaintiff.—This action survives to Solomon Wright, it is contended, on the following grounds :

Bennington,
February,
1824.

Wright
vs.
Eldred.

If the cause of action survive by statute, *this action*, will survive. The cause of action on the note in favor of Wright and Lovett against Mumfred Eldred most clearly survives to Wright; it being a joint right in the life-time of both; and it would be strange indeed, if an injury to that right should not follow the right itself. In the present case, Wright and Lovett had only a joint right against the defendant, Caleb Eldred; and if there is no survivorship, Wright is remediless.

It is a general rule that where two are entitled to a right *ex delicto*, and one dies, it remains wholly to the survivor. Ham. P. A. 48.

In Connecticut, it has been decided, that the husband and wife *must* join in a *qui tam* suit, to recover the penalty for a fraudulent conveyance to defeat their joint right, on the ground that the *qui tam* action would survive to her, inasmuch as the debt or duty attempted to be avoided would survive to her. 3 Con. 324.

Again, had Lovett been the only promissee in the note, the *qui tam* action would have survived to his executors or administrators. The English statute upon survivorship extends to all cases of injury which have lessened the assets of the deceased —1 Chit. Pl. 56, 57—whatever may be the form of action. Our statute is to have the same construction.

The statute under which this action is brought, is a remedial and cumulative statute, so far as the rights of the plaintiff are concerned. The suit is wholly a civil one, and the County Treasurer has no control over it. No one has the action but the party aggrieved, and the intention of the statute is to give him satisfaction. Ham. P. A. 39.

SKINNER Ch. J. delivered the opinion of the Court.

It is urged by the defendant's counsel, that as at common law the death of one of two or more plaintiffs abated a suit, as well as the death of a sole plaintiff, the same consequences followed the death of one joint plaintiff as the death of a sole plaintiff—that the statutes in this State and in England, made to remedy the evil by authorizing the executor to prosecute the suit commenced by his testator, and the survivor to prosecute a suit commenced by him and another, since deceased, have the same object in view, and

extend alike to the same class of cases—that no action will survive to the survivor in case of the death of one of two or more plaintiffs, which would not survive to the executor upon the death of a sole plaintiff—that this suit would not survive to the executor, consequently it will not survive to the survivor—that the statutes, made to prevent the abatement of suits give no new rights, nor do they keep alive that which at common law was determined.

*Bennington,*
*February,*
*1824.*

Wright
*vs.*
Eldred.

It is a maxim of the common law, that personal actions die with the person; and that actions *ex delicto* can never be revived or prosecuted by the executor. Actions *ex contractu* abate by the death of the plaintiff, yet the cause of action remains, and the executor may prosecute thereon. Where there were two or more plaintiffs, the same doctrine seems to have obtained as to the abatement of the suit on the death of one; but the right to prosecute by the survivor existed, as well in cases arising *ex delicto*, as those arising *ex contractu*. By statute in England it is now provided, that if the plaintiff die *after interlocutory* and before *final* judgment, if the *action* might have been originally prosecuted by the executor, it shall not abate; and also if one of two or more plaintiffs dies, if the *cause* of action survives to the survivor, the suit shall not abate. By statute in England the executor may have an action for trespass done to his testator as of the goods and chattels of the deceased carried away in his life-time. By our statute it is provided, if the plaintiff die *pending* the suit, if the *cause* of action survives to the executor, the suit shall not abate; and also, if one of two or more plaintiffs die, if the *cause* of action survives, the suit shall not abate Our statute also gives to the executor an action for trespass done to his testator as of the goods and chattels of the deceased, carried away in his life-time.

The whole current of authorities requires a distinction at common law between the rights which survived to the executor, and the rights which survived to the survivor, although actions would alike abate in both cases. In actions *ex delicto*, in case of the decease of the sole plaintiff, not only did the suit abate, but the right was forever gone. Not so in case of the decease of one of two or more plaintiffs; the suit abated, but the right survived. 3 Bl. Com. 302. Ham. 152. 14 Viner. 473, 574. Co. Lit. 198, *a.* It is a general rule, that where two are entitled to a right *ex delicto*, and

Bennington,
February,
1824.

Wright
vs.
Eldred.

one dies, it remains wholly to the survivor. If then at common law the *right*, that is, the *cause of action* survives, though the action abates, the question remains, Does this *action* survive under the statute? From a recurrence to the English statute before noticed, it will be seen, that the rights of the executor and the rights of the survivor to prosecute the suit are wholly different. The language of the statute in the case of executors is, " if the *action* might have been originally prosecuted, &c. it shall not abate ;" in the case of the survivor, it is, " if the *cause* of action should survive, &c. the suit shall not abate." This distinction in the English statute is noticed for the purpose of showing that any decisions that may have been made under the statute as applicable to executors, and which have been relied upon in this case, cannot apply to survivors. The *form* of action is embraced in the former—the *cause* of action in the latter. Neither, however, is construed as giving any new rights —the object is, to prevent delay and the expense of a fresh suit.

But for the statute *de bonis asportatis* no action *ex delicto* could now be maintained by an executor. Such actions are sustained by survivors every day, and this without the aid of any such statute. It follows then, of course, in England, if the *cause* of action survives, the *action* then would be saved. The doctrine referred to by the defendant's counsel in Hammond and Taunton is perfectly consonant to the grounds here taken. The case of the abatement of the suit of the husband and wife, by the death of the wife, and not by that of the husband, clearly marks the distinction, that when the cause of action survives to the survivor, the action does not abate —otherwise it does. No other case is shown of the abatement of a joint personal action by the death of one of two or more joint plaintiffs, since the statute 9 William III. than of such as are in the name of husband and wife. And the reason why husband and wife join in the action, is not, as in the case of other joint plaintiffs, because they have both an interest in the thing demanded, but because of the union of person by the marriage. From examining our statute before referred to, it will be noticed that *form* of action is not regarded. In both cases, as well of the decease of a sole plaintiff, as of one of two or more plaintiffs, if the *cause* of action survives, the suit shall not abate. Our statute is also unlike the English statute *de asportatis*, as to the rights which are given to the

plaintiff's executor. If this action had not been instituted by *Bennington, February, 1824.* Wright and Lovett, there can be no doubt that Wright, as survivor, would have been entitled to sue, as well as any other creditor of Mumfred Eldred. The suit then cannot abate, the cause of action surviving. The ground taken in deciding this case renders it unnecessary to examine the question whether the action given by the statute is remedial or penal.

There must be a <em>respondeas ouster.</em>